## In re PAPST LICENSING DIGITAL CAMERA PATENT LITIGATION.

### MDL No. 1880.

United States Judicial Panel on Multidistrict Litigation.

Nov. 5, 2007.

Before JOHN G. HEYBURN II, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, ANTHONY J. SCIRICA, Judges of the Panel.

### TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Common party Papst Licensing GmbH & Co. KG (Papst) has moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the Northern District of Illinois. This litigation currently consists of five actions listed on Schedule A, two actions in the District of District of Columbia and an action each in the District of Delaware, the Northern District of Illinois, and District of New Jersey.[1] No responding party[2] opposes centralization; however, all responding parties suggest centralization in the District of District of Columbia.

On the basis of the papers filed and hearing session held, we find that these five actions involve common questions of fact, and that centralization under Section 1407 in the District of District of Columbia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions involve common factual allegations regarding digital cameras made by certain manufacturers, which Papst claims infringe two of its patents; the validity and enforceability of these patents is at issue in all five actions. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly on claim construction issues), and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the District of District of Columbia is an appropriate transferee forum in this docket. The first-filed action *(Casio)* has been pending in the District of District of Columbia for about a year, and discovery has progressed further in *Casio* than in any other action. In addition, a transferee forum on the east coast such as the District of District of Columbia provides a geographically convenient forum, inasmuch as several of the alleged infringers operate their businesses from this region.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of District of Columbia are transferred to the District of District of Columbia and, with the consent of that court, assigned to the Honorable Rosemary M. Collyer for coordinated or consol-

---

1. This action was originally filed in the Central District of California but was transferred, pursuant to 28 U.S.C. § 1404, to the District of New Jersey after the Panel's hearing of this matter.

2. Casio, Inc.; Casio Computer Co., Ltd.; Fujifilm Corp.; Fujifilm USA, Inc.; Matsushita Electric Industrial Co., Ltd.; Olympus Corp.; Olympus Imaging America, Inc.; Samsung Opto–Electronics America, Inc.; Samsung Techwin Co.; and Victor Co. of Japan, Ltd.

idated pretrial proceedings with the actions pending in that district and listed on Schedule A.

### SCHEDULE A

MDL No. 1880—*In re: Papst Licensing Digital Camera Patent Litigation*

*District of District of Columbia*

*Casio, Inc. v. Papst Licensing GmbH & Co. KG,* C.A. No. 1:06–1751

*Fujifilm Corp., et al. v. Papst Licensing GmbH & Co. KG,* C.A. No. 1:07–1118

*District of Delaware*

*Papst Licensing GmbH & Co. KG v. Olympus Corp., et al.,* C.A. No. 1:07–415

*Northern District of Illinois*

*Papst Licensing GmbH & Co. KG v. Fujifilm Corp., et al.,* C.A. No. 1:07–3401

*District of New Jersey*

*Papst Licensing GmbH & Co. KG v. Samsung Techwin Co., et al.,* C.A. No. 2:07–4940